FILED

2017 Sep-20  PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| GARY R. BAKER, PATRICIA L. BAKER, ) | |
| and KATELYN R. BAKER ) | JURY DEMAND |
| Plaintiffs, ) | |
| ) | DOC. NO._____ |
| VS ) | |
| ) | |
| CLIFTON TEMPLE "CLIFF" FRENCH, ) | |
| IOWA MOTOR TRUCK TRANSPORT, ) | |
| INC. d/b/a IMT TRANSPORT, ) | |
| P.D. GOUGE, INC., and ) | |
| JENNIFER M. MAYHEW, ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiffs, Gary R. Baker, Patricia L. Baker, and Katelyn R. Baker, by and through counsel, bring this action against the above-named Defendants, and for their cause of action, state as follows:

**Parties**

1.     Plaintiff, Gary R. Baker (sometimes referred to herein as "Mr. Baker"), is, and was at all times material hereto, a citizen and resident of Walker County, Georgia.

2.     Plaintiff, Patricia L. Baker (sometimes referred to herein as "Mrs. Baker"), is, and was at all times material hereto, a citizen and resident of Walker County, Georgia.

3.     Plaintiff, Katelyn R. Baker (sometimes referred to herein as "Ms. Baker"), is, and was at all times material hereto, a citizen and resident of Walker County, Georgia.

4.     At all times relevant herein, Defendant, Clifton Temple "Cliff" French (sometimes referred to herein as "Defendant French"), is and was a citizen of Winn Parish, Louisiana.

5.     At all times relevant herein, Defendant, Iowa Motor Truck Transport, Inc. d/b/a IMT Transport (sometimes referred to herein as "Defendant IMT"), is and was a corporation authorized and existing under the laws of the State of Iowa, with its registered office and principal place of business located at 365 Cottonwood Drive, Garner, Iowa 50438.

6.     At all times relevant herein, Defendant, P.D. Gouge, Inc., is and was a corporation authorized and existing under the laws of the State of Iowa, with its registered office and principal place of business located at 365 Cottonwood Drive, Garner, Iowa 50438.

7.     At all times relevant herein, Defendant, Jennifer M. Mayhew (sometimes referred to herein as "Defendant Mayhew"), is and was a citizen of Jefferson County, Alabama.

8.     At all times relevant herein, Defendant French was an employee working for and under the control of Defendant IMT. At all times relevant herein, Defendant French was acting within the course and scope of his employment with Defendant IMT and for the benefit of Defendant IMT.

9.     The crash complained of occurred within Jefferson County, Alabama.

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a), because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.  Venue is proper in this forum.

**Statement of Facts**

11.     Paragraphs 1 through 10 of the Complaint are incorporated herein by reference as if restated verbatim.

12.     On or about September 23, 2015, at or about 5:15 p.m., Plaintiff, Katelyn R. Baker, was the driver of a 2013 Equinox (the "Equinox"), Vehicle Identification Number

1GNALDEK7DZ104023, traveling northbound on I-65 in Jefferson County, Alabama.  Patricia L. Baker occupied the passenger seat of the Equinox.

13.     On or about September 23, 2015, at or about 5:15 p.m., Defendant Mayhew was the driver of a 1989 Oldsmobile (the "Oldsmobile"), Vehicle Identification Number 1G3HY54C7KW348066, traveling northbound on I-65 in Jefferson County, Alabama. When first seen by Mrs. and Ms. Baker, the Oldsmobile was initially traveling in the traffic lane to the left of the Equinox.

14.     Upon information and belief, Defendant Mayhew is the registered owner of the 1989 Oldsmobile.

15.     On or about September 23, 2015, at or about 5:15 p.m., Defendant French was the driver of a 2004 Peterbilt commercial tractor trailer (the "Tractor Trailer"), Vehicle Identification Number 1XP5DB9X04D817729, traveling northbound on I-65 in Jefferson County, Alabama. When first seen by Mrs. and Ms. Baker, the Tractor Trailer was initially traveling directly behind the Equinox.

16.     At all times relevant herein, Defendant French was the operator of the Tractor Trailer that was owned and/or leased by Defendant IMT.

17.     The Tractor Trailer was initially traveling directly behind the Equinox.  Traffic on I-65 N became heavy, and the Plaintiff's Equinox came to a complete stop.  Upon information and belief, at some point, the Oldsmobile driven by Defendant Mayhew moved from the traffic lane to the left of the Equinox into the same lane as and behind the Equinox.  The Tractor Trailer did not slow its speed and was traveling too close to the Oldsmobile. The Tractor Trailer collided with the rear of the Oldsmobile, and the Oldsmobile collided with the rear of the Equinox being

driven by Plaintiff, Katelyn R. Baker.  Defendant French and Defendant IMT have asserted that Defendant Mayhew was contributorily at fault in causing the crash.

18.     At the time of the crash**,** Defendant French was acting within the course and scope of his employment with Defendant IMT and acting for the benefit of Defendant IMT.

19.     As a proximate result of the crash, Plaintiff, Katelyn R. Baker, sustained, inter alia, the following injuries:

       a.  Left shoulder bicept tear;

       b.  Headaches;

       c.  Blood clots;

       d.  Injuries necessitating extensive medical treatment including, but not limited to, emergency room treatment, hospitalization, cortisone shots, surgery, and physical therapy.

20.     As a proximate result of the crash, Plaintiff, Patricia L. Baker, sustained, inter alia, the following injuries:

       a.  Blunt trauma;

       b.  Subgaleal hematoma over left parietal lobe;

       c.  Concussion;

       d.  Post Concussive Syndrome;

       e.  Headaches;

       f.  Whiplash injury to the neck;

       g.  Lumbar sprain;

       h.  Lower back pain;

       i.  Neck pain;

    j.   Muscle spasms;

    k.   Injuries necessitating extensive medical treatment including, but not limited to, emergency room treatment, hospitalization, physical therapy, and surgery.

21.    Plaintiff, Patricia L. Baker, has incurred and continues to incur reasonable and necessary expenses for medical treatment and pharmaceuticals as a result of the injuries she suffered from the subject crash.

22.    Plaintiffs, Patricia L. Baker, has suffered pain related to their physical injuries, emotional distress, the loss of the enjoyment of life and other damages associated with the injuries she sustained in the subject crash as a proximate result of the negligence of Defendants.

23.    Plaintiff, Patricia L. Baker, works at Tennessee Valley Authority which requires her to drive forty-five (45) minutes and work at a desk all day.  After the crash, Mrs. Baker was unable to work for approximately two (2) months. During this two (2) month period, Mrs. Baker used up all of her accumulated vacation and sick leave. She also missed getting paid time and a half for an outage, which generally last between twenty-eight (28) and forty (40) days, during these two (2) months.  When she returned to work, she was only able to work part-time because of the pain that she experienced from prolonged sitting, as well as her drive to and from work. Mrs. Baker's employer has recently purchased a stand up desk for Mrs. Baker to try and alleviate her pain.  The consistent pain has necessitated Mrs. Baker to schedule weekly appointments with a chiropractor, but she experiences minimal relief.  As a result, Mrs. Baker underwent an anterior cervical discectomy on September 5, 2017.  Mrs. Baker has suffered lost earnings and future lost earnings and earning capacity associated with the injuries she sustained as a proximate result of Defendants' negligence.

24.     Prior to the subject crash, Plaintiff, Patricia L. Baker, began to run and walk regularly for exercise; however, both activities have been halted as a result of the injuries that she sustained in the subject crash. Mrs. Baker has also lost the ability to perform simple household duties. Since the crash, these tasks have been more difficult for Mrs. Baker to physically accomplish due to pain, which has necessitated her to hire help.  She experiences pain when she attempts to mop and vacuum, and she finds the task of bending over and picking things up extremely difficult, if even possible.  Mrs. Baker also experiences significant anxiety on a constant basis, particularly when driving and/or being in the car.

25.     Plaintiff, Katelyn R. Baker, has incurred and continues to incur reasonable and necessary expenses for medical treatment and pharmaceuticals as a result of the injuries she suffered from the subject crash.

26.     Plaintiff, Katelyn R. Baker, has suffered pain related to her physical injuries, emotional distress, the loss of the enjoyment of life and other damages associated with the injuries she sustained in the subject crash as a proximate result of the negligence of Defendants.

27.     Prior to the subject crash, Plaintiff, Katelyn R. Baker, had just begun her first year at Georgia Northwestern Technical College and also worked at a day care facility.  Ms. Baker missed approximately three (3) weeks of classes at school. She experienced significant headaches which rendered her unable to attend classes, and she was actually forced to drop one of her classes. As a result, her GPA suffered.  After the crash, Ms. Baker was unable to work for approximately two (2) months. When she returned to work, Ms. Baker discovered that she could no longer lift a two (2) year old without experiencing pain and was forced to resign from her job. Thereafter, Ms. Baker was hired for a lesser paying job at Catos department store, however, at the time, she could only work as a floor employee and needed help lifting heavy items. Ms.

Baker has suffered lost earnings and future lost earnings and earning capacity associated with the injuries she sustained as a proximate result of Defendants' negligence

28.     Prior to the subject crash, Plaintiff, Katelyn R. Baker, was active and enjoyed Crossfit, as well as running and lifting weights. Around a year after the wreck, Ms. Baker was able to run again, however, she still could not lift over five (5) pounds. Ms. Baker has also lost the ability to perform simple household chores. She is unable to sweep because the motion of doing so causes significant pain in her shoulder. Even after her shoulder surgery, Ms. Baker discovered that she has trouble when it comes to simply folding clothes. Only about two months ago has Ms. Baker been able to perform her chores and engage in extracurricular activities to a relatively normal extent; however, she has been advised that she will likely always experience discomfort while doing so and will never be as fully functional as she was prior to the wreck. Similar to her mother, Ms. Baker also experiences significant anxiety on a constant basis, particularly when driving and/or being in the car.

29.     Plaintiff, Gary R. Baker, has suffered loss of the actual services of his wife, Plaintiff, Patricia L. Baker, as well as loss of consortium as a result of the injuries proximately caused by Defendants.

## Count I
## Negligence

30.     Paragraphs 1 through 29 of the Complaint are incorporated herein by reference as if restated verbatim.

31.     Defendant French and Defendant Mayhew owed a duty to those lawfully on public roadways, such as Plaintiffs, to operate a motor vehicle in a reasonable and safe manner.

32.     Defendant French breached his duty by operating the Tractor Trailer in a negligent, careless, reckless and wanton manner, endangering the lives of those lawfully on the roadway.

33.     Defendant French was negligent, reckless, and wanton in that he:

    a.  Drove the subject Tractor Trailer without due caution and circumspection and in a manner so as to endanger or be likely to endanger person or property in violation of Ala. Code 1975 § 32-5A-190;

    b.  Drove carelessly and heedlessly in willful or wanton disregard of the rights or safety of others in violation of Ala. Code 1975 § 32-5A-190;

    c.  Negligently and wantonly drove the Tractor Trailer at a speed greater than was reasonable and prudent under the conditions at the time existing on Interstate 65 northbound on September 23, 2015, in violation of Ala. Code 1975 § 32-5A-170;

    d.  Negligently and wantonly failed to exercise due care to avoid a collision;

    e.  Negligently and wantonly failed to maintain a proper lookout;

    f.  Negligently and wantonly failed to operate the Tractor Trailer in accordance with Alabama laws, ordinances, and regulations, in violation of 49 C.F.R. § 392.2;

    g.  Negligently and wantonly operated the Tractor Trailer while his ability or alertness was impaired through fatigue, illness, or any other cause as to make it unsafe for him to operate the Tractor Trailer in violation of 49 C.F.R. § 392.3;

h. Negligently and wantonly operated the Tractor Trailer in violation of 49 C.F.R. §§ 325-399;

i. Was negligent, reckless, and wanton in such other ways as will be determined through discovery and proven at trial; and

j. Negligently, wantonly, and recklessly using an electronic device while operating a commercial vehicle; violating 49 C.F.R. §§392.80 and/or 82 and other sections.

34. Defendant Mayhew breached her duty by operating the Oldsmobile in a negligent, careless, reckless and wanton manner, endangering the lives of those lawfully on the roadway.

a. Drove the subject Oldsmobile without due caution and circumspection and in a manner so as to endanger or be likely to endanger person or property in violation of Ala. Code 1975 § 32-5A-190;

b. Drove carelessly and heedlessly in willful or wanton disregard of the rights or safety of others in violation of Ala. Code 1975 § 32-5A-190;

c. Negligently and wantonly failed to exercise due care to avoid a collision;

d. Negligently and wantonly failed to maintain a proper lookout; and

e. Was negligent, reckless, and wanton in such other ways as will be determined through discovery and proven at trial.

35. At the time of the subject crash, Defendant French was an employee and/or agent of Defendant IMT.

36. At the time of the subject crash, Defendant French was acting within the course and scope of his employment with and in furtherance of the business of Defendant IMT.

37.     As a direct and proximate result of the negligent, reckless, and wanton conduct of Defendants, Plaintiff, Patricia L. Baker, has suffered several temporary and potentially permanent debilitating and disabling injuries.  These injuries required Plaintiff, Patricia L. Baker, to obtain medical attention and treatment, thus incurring reasonable and necessary medical bills and other expenses, both past and future; and such injuries have caused pain, suffering, emotional anguish, deprivation of the ability to enjoy the pursuit and pleasures of life, and other damages.

38.     As a direct and proximate result of the negligent, reckless and wanton conduct of Defendants, Plaintiff, Patricia L. Baker, has been unable to engage in her occupation to the extent as she did prior to the crash. Mrs. Baker loses work productivity each day because of the pain that accompanies prolonged sitting and driving. Mrs. Baker has suffered a loss of income, as well as a loss of current and future earning capacity due to the continued pain and disability which she has suffered and will continue to suffer as a result of the injuries sustained.

39.     As a direct and proximate result of the negligent, reckless, and wanton conduct of Defendants, Plaintiff, Katelyn R. Baker, has suffered several temporary and potentially permanent debilitating and disabling injuries.  These injuries required Plaintiff, Katelyn R. Baker, to obtain medical attention and treatment, thus incurring reasonable and necessary medical bills and other expenses, both past and future; and such injuries have caused pain, suffering, emotional anguish, deprivation of the ability to enjoy the pursuit and pleasures of life, and other damages.

40.     As a direct and proximate result of the negligent, reckless and wanton conduct of Defendants, Plaintiff, Katelyn R. Baker, was forced to quit a job that she loved dearly due to her inability to lift greater than five (5) pounds.  Ms. Baker has suffered a loss of income, as well as

a loss of current and future earning capacity due to the continued pain and disability which she has suffered and will continue to suffer as a result of the injuries sustained. As a result of the injuries she sustained, Ms. Baker was also forced to miss classes during her first semester at college which resulted in the decline of her GPA.

41.     Defendants are jointly and severally liable to Plaintiffs for all damages proximately caused by their conduct.

**Count II**
**Respondeat Superior**

42.     Paragraphs 1 through 41 of the Complaint are incorporated herein by reference as if restated verbatim.

43.     At the time of the subject crash, Defendant French was an employee and/or agent of Defendant IMT.

44.     At the time of the subject crash, Defendant French was acting within the course and scope of his employment with and in furtherance of the business of Defendant IMT.

45.     Defendant IMT is vicariously liable to Plaintiffs for all injuries and damages proximately caused by Defendant French's negligent, reckless, and wanton operation of the Tractor Trailer by Defendant French complained of in this action, which was driven with Defendant IMT's authority, consent, knowledge and for its benefit.

46.     As a proximate result of the negligent, reckless, and wanton operation of the Tractor Trailer, Plaintiff, Patricia L. Baker, has suffered several temporary and potentially permanent debilitating and disabling injuries.  These injuries required Plaintiff, Patricia L. Baker, to obtain medical attention and treatment, thus incurring reasonable and necessary medical bills and other expenses, both past and future; and such injuries have caused pain, suffering, emotional anguish, deprivation of the ability to enjoy the pursuit and pleasures of life, and other

11

damages. Mrs. Baker has suffered a loss of income, as well as a loss of current and future earning capacity due to the continued pain and disability which she has suffered and will continue to suffer as a result of the injuries sustained.

47.     As a proximate result of the negligent, reckless, and wanton operation of the Tractor Trailer, Plaintiff, Katelyn R. Baker, has suffered several temporary and potentially permanent debilitating and disabling injuries.  These injuries required Plaintiff, Katelyn R. Baker, to obtain medical attention and treatment, thus incurring reasonable and necessary medical bills and other expenses, both past and future; and such injuries have caused pain, suffering, emotional anguish, deprivation of the ability to enjoy the pursuit and pleasures of life, and other damages. Ms. Baker has suffered a loss of income, as well as a loss of current and future earning capacity due to the continued pain and disability which she has suffered and will continue to suffer as a result of the injuries sustained.

48.     Defendant IMT is jointly and severally liable to Plaintiffs for the injuries and all damages proximately caused by the negligent, reckless, and wanton operation of the Tractor Trailer by Defendant French.

**Count III**
**Negligent Hiring, Training, Retention & Supervision**

49.     Paragraph 1 through 48 of the Complaint are incorporated herein by reference as if restated verbatim.

50.     Defendant IMT owed a duty to Plaintiffs and to others lawfully on the roadway to exercise reasonable care in:

       a.   Hiring and retaining its drivers;

       b.   Training and instructing its drivers;

       c.   Supervising its drivers;

12

    d.   Complying with federal, state and local regulations concerning the inspection, maintenance, and operation of its tractor trailers;

    e.   Ensuring that its drivers comply with applicable company policies, as well as federal, state and local regulations, regarding the inspection, maintenance and operation of its tractor trailers;

    f.   Establishing safe procedures for the operation of its tractor trailers; and

    g.   Inspecting, maintaining and repairing its tractor trailers.

51.    Defendant IMT breached its duties by failing to exercise reasonable care in:

    a.   Hiring its drivers, employees and/or agents, including Defendant French;

    b.   Training its drivers, employees and/or agents, including Defendant French;

    c.   Supervising its drivers, employees and/or agents, including Defendant French;

    d.   Retaining its drivers, employees and/or agents, including Defendant French;

    e.   Instructing its drivers, employees and/or agents, including Defendant French;

    f.   Entrusting a tractor trailer to its drivers, employees and/or agents, including Defendant French;

    g.   Complying with state and federal regulations;

    h.   Enforcing compliance of its drivers, employees and/or agents, including Defendant French, with federal and state regulations;

    i.   Utilizing information to monitor its drivers, employees and/or agents, including Defendant French, to assure compliance with company policies, as well as federal and state regulations; and

    j.   Additional conduct that may become evident through discovery.

52.     As a direct and proximate result of Defendant IMT's breaches, Plaintiff, Patricia L. Baker, has suffered several temporary and potentially permanent debilitating and disabling injuries.  These injuries required Plaintiff, Patricia L. Baker, to obtain medical attention and treatment, thus incurring reasonable and necessary medical bills and other expenses, both past and future; and such injuries have caused pain, suffering, emotional anguish, deprivation of the ability to enjoy the pursuit and pleasures of life, and other damages. Mrs. Baker has suffered a loss of income, as well as a loss of current and future earning capacity due to the continued pain and disability which she has suffered and will continue to suffer as a result of the injuries sustained.

53.     As a direct and proximate result of Defendant IMT's breaches, Plaintiff, Katelyn R. Baker, has suffered several temporary and potentially permanent debilitating and disabling injuries.  These injuries required Plaintiff, Katelyn R. Baker, to obtain medical attention and treatment, thus incurring reasonable and necessary medical bills and other expenses, both past and future; and such injuries have caused pain, suffering, emotional anguish, deprivation of the ability to enjoy the pursuit and pleasures of life, and other damages. Ms. Baker has suffered a loss of income, as well as a loss of current and future earning capacity due to the continued pain and disability which she has suffered and will continue to suffer as a result of the injuries sustained.

54.     Defendant IMT is liable to Plaintiffs for all injuries and damages proximately caused by its conduct.

## Count IV
## Negligence Per Se

55.     Paragraphs 1 through 54 of the Complaint are incorporated herein by reference as if restated verbatim.

56.     Pursuant to the Federal Motor Carrier Safety Regulations, Defendant IMT owed a statutory duty to those lawfully on the public roadways to investigate applicants for employment and hire qualified, competent, and able drivers.

57.     Defendant IMT had multiple statutory duties, including, but not limited to:

a.  Ensuring the general qualifications of any driver it permitted to operate one of its Tractor Trailers.  49 C.F.R. §391.11 & §391.15;

b.  Ensuring that a driver it permitted to operate one of its Tractor Trailers possessed the requisite familiarity with the proper location, distribution and securement of his cargo.  49 C.F.R. §391.13;

c.  Obtaining a completed employment application before permitting an applicant to operate one of its Tractor Trailers.  49 C.F.R. §391.21;

d.  Fully investigating a drivers' employment history by all reasonable means.  49 C.F.R. §391.23;

e.  Fully investigating the past three (3) years of a driver's driving history and to document evidence of that investigation within thirty (30) days of employment.  49 C.F.R. §391.23(a)-(c);

f.  Properly conducting an annual inquiry and review of a driver's driving record. 49 C.F.R. §391.25;

g.  Properly obtaining records of all violations of motor vehicle traffic laws and ordinances for each of its drivers every twelve (12) months.  49 C.F.R. §391.27;

h. Requiring a successfully completed road test before commencing employment and permitting an applicant to operate one of its Tractor Trailers.  49 C.F.R. §391.31;

i. Ensuring its applicants are medically certified as physically qualified to operate one of its tractor trailers. 49 C.F.R. §§391.41-391.49;

j. Maintaining an appropriate driver qualification file for each of its drivers.  49 C.F.R. §391.51; and

k. Maintaining an appropriate driver investigation history file for each of its drivers. 49 C.F.R. §391.53.

l. Failing to ensure that Defendant French did not use electronic devises while operating a commercial vehicle; violating 49 C.F.R. §§392.80 and/or 82 and other sections. (49 C.F.R. 383)

58.     Defendant IMT owed a duty to protect those lawfully on the roadways from improper and unsafe operations of commercial vehicles. Plaintiffs, Patricia L. Baker and Katelyn R. Baker, are members of the class of persons that the Federal Motor Carrier Safety Regulations were intended to protect, and the injuries suffered by Plaintiffs are the types of injuries that the federal regulations intended to prevent.

59.     As a direct and proximate result of Defendant IMT's breaches of its statutory obligations, Plaintiff, Patricia L. Baker, has suffered several temporary and potentially permanent debilitating and disabling injuries. These injuries required Plaintiff, Patricia L. Baker, to obtain medical attention and treatment, thus incurring reasonable and necessary medical bills and other expenses, both past and future; and such injuries have caused pain, suffering, emotional anguish, deprivation of the ability to enjoy the pursuit and pleasures of life, and other

damages. Mrs. Baker has suffered a loss of income, as well as a loss of current and future earning capacity due to the continued pain and disability which she has suffered and will continue to suffer as a result of the injuries sustained.

60.     As a direct and proximate result of Defendant IMT's breaches of its statutory obligations, Plaintiff, Katelyn R. Baker, has suffered several temporary and potentially permanent debilitating and disabling injuries.  These injuries required Plaintiff, Katelyn R. Baker, to obtain medical attention and treatment, thus incurring reasonable and necessary medical bills and other expenses, both past and future; and such injuries have caused pain, suffering, emotional anguish, deprivation of the ability to enjoy the pursuit and pleasures of life, and other damages. Ms. Baker has suffered a loss of income, as well as a loss of current and future earning capacity due to the continued pain and disability which she has suffered and will continue to suffer as a result of the injuries sustained.

61.     Defendant IMT is liable to Plaintiffs for all injuries and damages proximately caused by its conduct.

### Count V
### Punitive Damages

62.     Paragraphs 1 through 61 of the Complaint are incorporated herein by reference as if restated verbatim.

63.     Defendant Mayhew operated the Oldsmobile in a reckless and wanton manner resulting in the crash which occurred on September 23, 2015.

64.     Defendant French, and vicariously Defendant IMT, operated the Tractor Trailer in a reckless and wanton manner resulting in the crash which occurred on September 23, 2015.

65.     Defendant IMT knew or should have known of the unfitness of Defendant French. Nevertheless, Defendant IMT employed him, continued to employ him, and used his services

without proper instruction with disregard of the rights and safety of others lawfully on the public roadways.

66.     Defendant IMT enabled and/or authorized the wrongful conduct of Defendant French complained of in this action.

67.     Defendant IMT ratified the wrongful conduct of Defendant French complained of in this action.

68.     The conduct of Defendant French was calculated to and did in fact benefit Defendant IMT.

69.     As a result of such conduct, Defendants are liable for punitive damages in this action, pursuant to Alabama Code 1975 §6-11-27.

### Count VI
### Loss of Consortium

70.     Paragraphs 1 through 69 of the Complaint are incorporated herein by reference as if restated verbatim.

71.     At all times material hereto, including the time of the crash, Plaintiffs, Patricia L. Baker and Gary R. Baker, were legally married.

72.     Prior to the crash, Mrs. Baker was responsible for a majority of the housekeeping tasks.  Since the crash, Mr. Baker's housekeeping tasks have increased because Mrs. Baker is not physically able to perform simple tasks that she could prior to the crash. Mrs. Baker's physical limitations necessitated Mr. and Mrs. Baker to recently hire outside help to accomplish various household tasks.

73.     As a proximate result of the conduct of Defendants, Mr. Baker has suffered loss of the actual services of his wife and her consortium.

74.     Mr. Baker is entitled to recover damages, jointly and severally, from the Defendants for the loss of actual services and loss of consortium of his wife Mrs. Baker.

**Count VII**
**Alter Ego Liability of Defendant P.D. Gouge, Inc.**

75.     Paragraphs 1 through 74 of the Complaint are incorporated herein by reference as if restated verbatim.

76.     Defendant, P.D. Gouge, Inc., was the sole shareholder of Defendant IMT.

77.     Upon information and belief, and based upon investigation to date, Defendant P.D. Gouge, Inc. operated Defendant IMT as an instrumentality or alter ego of its own entity.

78.     Upon information and belief, and based upon investigation to date, Defendant P.D. Gouge, Inc. and Defendant IMT maintained such unity of interest and ownership that the separate personalities of Defendants no longer existed.

79.     Defendant P.D. Gouge, Inc., at all times complained of, exercised complete dominion and control over Defendant IMT, not only of finances, but of policy and business practices in respect to all of its transactions, so that Defendant IMT had no separate mind, will or existence of its own.

80.     The interests of justice and equity require that the separate identities of Defendant IMT and Defendant P.D. Gouge, Inc. are disregarded for the purposes of this action.

81.     Defendant P.D. Gouge, Inc. is liable to Plaintiffs for the negligent, reckless, and willful and wanton conduct of Defendant French and Defendant IMT, and for all acts for which Defendants are liable.

## Count VIII
## Undercapitalization Liability of Defendant P.D. Gouge, Inc.

82.      Paragraphs 1 through 81 of the Complaint are incorporated herein by reference as if restated verbatim.

83.      Defendant, P.D. Gouge, Inc. maintained Defendant IMT in an undercapitalized manner.

84.      Upon information and belief, Defendant IMT operated multiple tractor trailers at the time of the subject wreck.

85.      Defendant, P.D. Gouge, Inc. knew or should have known that wrecks involving catastrophic injury or death are reasonably foreseeable in the trucking industry for a tractor-trailer operator of the size of IMT.

86.      Defendant P.D. Gouge, Inc. knew or in the exercise of reasonable care should have known that he carried policy limits of only $1,000,000.

87.      Defendant P.D. Gouge, Inc. knew or in the exercise of reasonable care should have known that Defendant IMT was self-insured for damages caused by the liability of IMT, and/or its agents, representatives, and employees, in any amount exceeding $1,000,000.

88.      Upon information and belief, and based upon investigation to date, despite this knowledge, Defendant P.D. Gouge, Inc. knowingly undercapitalized Defendant IMT and used funds to finance the members of the Gouge family and other ventures.

89.      Defendant P.D. Gouge, Inc. is liable to Plaintiffs for all acts for which Defendant French and Defendant IMT are liable.

WHEREFORE, Plaintiffs pray:

a.      That process issue and be served upon the Defendants, requiring them to Answer within the time required by law;

20

b.      Plaintiff, Patricia L. Baker, be awarded damages against Defendants, jointly and severally, for bodily injuries, pain and suffering, temporary and permanent injuries, loss of enjoyment of life, medical expenses, loss of income, loss of present and future earning capacity, and all other damages to be proven at trial, in an amount not less than $1,000,000.00;

c.      Plaintiff, Katelyn R. Baker, be awarded damages against Defendants, jointly and severally, for bodily injuries, pain and suffering, temporary and permanent injuries, loss of enjoyment of life, medical expenses, loss of income, loss of present and future earning capacity, and all other damages to be proven at trial, in an amount not less than $600,000.00;

d.      Plaintiff, Gary R. Baker, be awarded damages against Defendants, jointly and severally, for loss of actual services and loss of consortium of his wife, Plaintiff, Patricia L. Baker, in the amount to be proven at trial, of not less than $250,000.00;

e.      That punitive damages be awarded to Plaintiffs for Defendants' wanton and reckless conduct as set forth herein;

f.      That a struck jury be empaneled to hear this cause;

g.      That Plaintiffs be awarded all costs in this action; and

h.      That the Court award Plaintiffs such other and further relief as it deems just and appropriate in accordance with the facts.

RESPECTFULLY SUBMITTED:

**MCKOON, WILLIAMS, ATCHLEY & STANLEY, PLLC**

BY:   _/s/  Clayton M. Whittaker_
      **CLAYTON M. WHITTAKER [WHI117]**
      *Attorneys for Plaintiffs*
      633 Chestnut Street, Suite 1500
      Chattanooga, TN 37450
       (423) 756-6400/fax: (423) 756-8600
      Email: cwhittaker@mwalawfirm.com